IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

FILED 2020 NOV 18 PM 3:47 CIRCUIT COURT CLERK CRITTENDEN COUNTY, AR

MARIETTE MCNEAL, as Administratrix of the Estate of DARRYL ANTHONY ALEXANDER, DECEASED,

Plaintiff,

Case No.: 18CV-20-616
JURY DEMANDED

v.

GLOBAL WIRELESS SOLUTIONS, INC. AND STEPHAN ANOH EZOUA,

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Mariette McNeal, as Administratrix of the Estate of Darryll Anthony Alexander, Deceased, by and through the undersigned attorneys of record, and for the cause of action against the Defendants would respectfully state as follows:

## PARTIES

1. Plaintiff Mariette McNeal is an adult resident of DeSoto County, MS, residing therein at 3376 Valley Crest Drive, Southaven, MS 38672-9554. By order dated August 11, 2020, in the Chancery Court of DeSoto County, Mississippi, Plaintiff Mariette McNeal was appointed Administratrix of the Estate of Darryll Anthony Alexander, Deceased, an adult resident of DeSoto County, MS who died on July 7, 2020, as a result of the crash which is the subject of this lawsuit. Plaintiff Mariette McNeal is therefore a proper person to bring this wrongful death action pursuant to Arkansas law, including, but not limited to, Ark. Code Ann. § 16-62-102.

2. Defendant Global Wireless Solutions, Inc. is a Delaware corporation with its





principal place of business located at 23475 Rock Haven Way, # 165, Dulles, VA 20166, and its registered agent for service of process is Paul Carter, 23475 Rock Haven Way, # 165, Dulles, VA 20166. Defendant Global Wireless Solutions, Inc. operates a wireless network services company through the use of employees, agents, servants and/or contractors who perform services within the scope of their employment, apparent authority, agency, or contract to act for the corporation. Defendant Global Wireless Solutions, Inc. is liable for its own negligence and the acts and omissions of its employees, agents, servants and contractors, including Defendant Stephan Anoh Ezoua, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

3. Upon information and belief, at all times relevant herein, Defendant Stephan Anoh Ezoua is and was an adult resident of Fulton County, Georgia, residing therein at 9102 Meadow Circle, College Park, GA 30349. Upon information and belief, at all times relevant herein, Defendant Ezoua was employed by and driving a vehicle owned by and in furtherance of the business of Defendant Global Wireless Solutions, Inc. Accordingly, Defendant Global Wireless Solutions, Inc. is liable for the actions of Defendant Ezoua under the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

**JURISDICTION AND VENUE**

4. The events complained of herein occurred in Crittenden County, Arkansas.

5. This Court has jurisdiction.

6. Venue is proper in this Court under Ark. Code Ann. § 16-60-112(a) because the event giving rise to the cause of action occurred in Crittenden County.

7. The amount in controversy exceeds the minimum jurisdictional limit of this Court.

8. This Complaint was filed within the applicable statute of limitations.

9. Defendant Global Wireless Solutions, Inc. was properly served with process.

10. Defendant Stephan Anoh Ezoua was properly served with process.

## FACTUAL ALLEGATIONS

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

11. This cause of action arises from a collision between a motorcycle owned and operated by Darryll Anthony Alexander, Deceased, and a vehicle owned by Defendant Global Wireless Solutions, Inc. (hereafter "GWS") and operated by Defendant Stephan Anoh Ezoua. The collision occurred on or about July 7, 2020, at approximately 11:40 a.m., in West Memphis, Arkansas.

12. On or about July 7, 2020, at approximately 11:40 a.m., Mr. Alexander was traveling northbound on Martin Luther King Drive approaching its intersection with South Service Road.

13. At the same time, Defendant Ezoua was traveling southbound in the left turn only lane of traffic, north of its intersection with South Service Road, when he made a left turn to go eastbound on South Service Road and drove directly into Mr. Alexander's path, causing Mr. Alexander to crash his motorcycle into the left front of Defendant Ezoua's vehicle.

14. As a direct and proximate result of the collision, Mr. Alexander suffered severe

injuries which resulted in his death.

15. At the time of the collision, Defendant Ezoua was required to pay attention to the road and to other vehicles at all times.

16. At the time of the collision, Defendant Ezoua was required to operate his vehicle with the degree of care required of a reasonable and prudent person under similar circumstances.

17. At all times material hereto, Mr. Alexander was operating his motorcycle in a lawful, prudent, and cautious manner and was in no way negligent.

## LIABILITY

Plaintiff incorporates by reference as if fully set forth verbatim each any every allegation in the Complaint.

18. At the time of the collision, while acting as an agent, employee or representative of Defendant GWS, Defendant Ezoua, was guilty of the following negligent acts:

a. Failure to keep a proper lookout;

b. Failure to maintain his vehicle under proper control;

c. Failure to exercise ordinary care for his own safety and for the safety of others using the roadway;

d. Failure to take proper evasive action to avoid a collision;

e. Driving in a careless and prohibited manner; and

f. Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances.

19. At the time of the collision, while acting as an agent, employee or representative of Defendant GWS, Defendant Ezoua, was guilty of violating the following statutes of the State of Arkansas, each of which was in full force and effect at the time of the collision, and each of which

was a direct and proximate cause of the collision described herein and Mr. Alexander's bodily injuries and resulting death.

a. A.C.A. § 27-51-104 Careless and prohibited driving;

b. A.C.A. § 27-51-502 Vehicle turning left at intersection; and

c. A.C.A. § 27-50-308 Reckless driving.

20. The above actions of Defendant Ezoua are directly imputed to Defendant GWS, by virtue and effect of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, joint-venture, joint and several liability, respondeat superior, vicarious liability, contract and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

21. The negligence of Defendant GWS, by and through its employees and agents, which was the direct and proximate cause of the bodily injuries and the death of Mr. Alexander, includes, but is not limited to, the following:

a. Failure to keep a proper lookout;

b. Failure to yield right of way to Mr. Alexander's motorcycle;

c. Failure to operate its vehicle in a reasonably safe manner and in compliance with all statutes;

d. Failure to keep its vehicle under control;

e. Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

f. Failure to properly train and supervise its employees, including Defendant Ezoua;

g. Failure to exercise ordinary care for the safety of other drivers; and

h. Other acts of negligence to be discovered and shown at trial.

## DAMAGES

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

22. The Defendants' negligence, jointly and severally, as alleged herein, directly and proximately caused the bodily injuries and wrongful death of Mr. Alexander. The resulting compensatory damages for which Plaintiff avers the Defendants are liable are as follows:

a. Conscious pain and suffering of Mr. Alexander before his death;

b. Medical bills and expenses of Mr. Alexander;

c. Funeral expenses of Mr. Alexander;

d. Loss of Mr. Alexander's life (A.C.A. § 16-62-101);

e. Pecuniary injuries sustained by Mr. Alexander's wrongful death beneficiaries;

f. Mental anguish and grief suffered by Mr. Alexander's wrongful death beneficiaries;

g. Post-judgment interest; and

h. All such further relief, both general and specific, to which Mr. Alexander's wrongful death beneficiaries may be entitled under the premises pursuant to applicable law.

## DEMAND FOR JURY TRIAL

23. Plaintiff respectfully requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff incorporates by reference as if fully set forth each and every allegation in the Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for a judgment against the Defendants, jointly and severally, to sufficiently and fully compensate Mr. Alexander's

wrongful death beneficiaries for all of their damages which is in an amount in excess of the minimum required for federal court jurisdiction in diversity cases; post-judgment interest where applicable; court costs; attorney fees; and for all such further relief, both general and specific, to which Mr. Alexander's wrongful death beneficiaries may be entitled.

Respectfully submitted,

BAILEY & GREER, PLLC

Thomas R. Greer (#2017005)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580